### COOPER v. CLASON.

A demurrer which demurs to the whole of a pleading, a part of which is sufficient, is too broad and will be overruled.

A complaint by a creditor, in the nature of a creditor's bill, to set aside an assignment, need not allege that the plaintiffs have issued an execution to the county where the judgment debtor resides, and that it had been returned *nulla bona*.

*Edmonds, J.:* The complaint has two aspects; one the ordinary creditor's bill under the statute, and the other a bill by a creditor to set aside an assignment.

In the first aspect it would be necessary, under the statute and the rulings of the Court of Chancery, to allege that the plaintiff had issued the execution to the county where the judgment debtor resided, and it had been returned *nulla bona*. But in the other aspect no such allegation is necessary.

If it be proper to demur to the complaint in its first aspect, because it does not show on its face that an execution had been issued to the proper county, it would not be proper to demur to the complaint in its second aspect for that cause.

The demurrer is to the whole complaint in both its aspects, and is therefore too broad and must be overruled.